UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case Number: 1:19-CR-10255-WGY |
| v. ) | |
| CARLOS CONCEPCION-GUILLAM ) | |

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF
THE MOTION TO SUPRESS/MOTION TO DISMISS**

**RELEVANT FACTS:**

On June 19, 2019, the Stoughton Police received a call from The Extra Space storage facility in Stoughton, Massachusetts indicating that a storage unit had not paid its monthly bills for over two months and when the unit was opened to be placed at auction it was determined that drugs were in the unit. Unit number 171 was rented by a Janice Bryant of East Weymouth Massachusetts. Unit 1435 was rented by a Jason Torres. Mr. Carlos Concepcion-Guillam is not linked, associated or in any way responsible either unit 171 or unit 1435. The Stoughton Police Department obtained warrants and started surveillance of unit 1435. Mr. Concepcion-Guillam entered the Extra Space Store facility using the code associated with unit number 137. The facts are simple, the United States has no evidence that Mr. Concepcion-Guillam is associated in any way with Unit 1435 or 171. When unit 137 was searched which was the code used by Mr. Concepcion-Guillam to access the main gate of the Extra Space Storage facility, the Stoughton

3

police found no contraband. (See Paragraph 23 of Detective Kevin M. Lima's Affidavit).  Mr. Concepcion-Guillam never went to unit 171and has no connection to that unit or unit 1435.

**ARGUMENT:**

The Supreme Court has recognized that courts should suppress evidence in the case of "egregious violations of Fourth Amendment or other liberties that might transgress notions of fundamental fairness." INS v. Lopez-Mendoza, 468 U.S. 1032, 1050 (1984).  As a preliminary matter any substances found in unit 171 should be suppressed from this case as Mr. Concepcion-Guillam never rented, accessed or used the code associated with that unit.  Similar, any substances associated with unit 1435 should also be suppressed as Mr. Concepcion-Guillam never rented, accessed or used the code associated with that unit.  The Detective Lima's affidavit in paragraph 16 merely claims a connection between the units without ever stating what that connection or nexus is between the two units.  Merely because both units contained drugs or drug paraphernalia does not in of itself create a link between these two lockers.  Using this line of reasoning, then Mr. Concepcion-Guillam would be responsible for the contents of any of the hundreds of lockers at this storage facility that he never rented, accessed or used their code to enter the main gate of the facility.  The renters of the lockers were different, the items found were different, and the users of these lockers were different.  Simply because the Stoughton Police found drugs in both units does not create a nexus between these two lockers.  More importantly even if a nexus exist there is no evidence that ties Mr. Concepcion-Guillam to a locker he inadvertently opened.  The only evidence in this case is that Mr. Concepcion-Guillam opened the door to the incorrect locker number 1435 instead of locker number 131.  The code

used to access the Extra Space storage facility by Mr. Concepcion-Guillam was that of unit 131 and unit 131 contained no contraband.

**CHARGES**

Briefly stated this is a criminal matter wherein the United States of America has charged Mr. Carlos Concepcion-Guillam of one count consisting of attempted possession with the intent to distribute 400 grams or more of Fentanyl. Secondly the United States of America is also alleging a forfeiture case.

On or about June 20, 2019, in Stoughton, in the District of Massachusetts, the defendant, CARLOS MIGUEL CONCEPCION-GUILAM, is alleged to have knowingly and intentionally attempt to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4- piperidinyl] propanamide, also commonly known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(l)(A)(vi). All in violation of Title 21, United States Code, Section 846.

Secondly the United States of America seeks to have a drug forfeiture allegation pursuant to (21 U.S.C. § 853). The United States of America seeks that upon a conviction of the offense in violation of Title 21, Unites States Code, § 846, as set forth in Count one of this indictment, the government seeks to forfeit from Mr. Carlos Concepcion-Guillam any property constituting, or derived from any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of, such offense.  The defendant maintains that he never attempted to possess with the intent to distribute 400 grams or more of fentanyl.  The defendant further maintains that his lack of criminal responsibility for what the United States of America has alleged in count one makes the forfeiture allegation moot.

**CONCLUSION**

There was no probable cause for the arrest in this case.  Mr. Concepcion-Guillam is not the renter, possessor, user or involved in any way with the lockers associated with this case.  As such Mr. Concepcion-Guillam seeks the following:

1: that all evidence found in locker 171 and all statements from law enforcement officers regarding locker 171 be suppressed as Mr. Carlos Concepcion-Guillam never opened, rented, used the entrance code associated with storage locker 171, or is he shown in any way to have association with this locker.

2: that all evidence found in locker 1435 and all statements from law enforcement officers regarding locker 1435 be suppressed as Mr. Carlos Concepcion-Guillam never rented, used the entrance code associated with storage locker 1435, or is he shown in any way to have association with this locker.

3: there is no evidence of any funds associated with any drug sales or drug business linked to Mr. Carlos-Concepcion Guillam and as such that all evidence and all statements from law enforcement officers regarding any drug forfeiture should be suppressed.

4. this motion to suppress in effect becomes a motion to dismiss.  The United States of America has no case against Mr. Carlos Concepcion-Guillam if items in subheading one, two and three of

this conclusion are allowed.  Mr. Concepcion–Guillam seeks a motion to dismiss all charges and his immediate release from federal custody.

Respectfully submitted,
The Defendant,
Carlos Concepcion-Guillam
By his attorney,


/s/ Danilo Avalon
Danilo Avalon, BBO # 632152
Avalon Law Offices, P.C.
612 Columbia Road
Dorchester, MA 02125
Phone: (617) 436 – 3300
avalon@avalonlawfirm.com

**CERTIFICATE OF SERVICE**
**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that on February 24, 2020, I served the above **Motion to Suppress/ Motion to Dismiss**, upon the Clerk of the Court through the CM/ECF system, which then sent a notification of such filing to all counsel of record.   I hereby certify that I have conferred with the United States of America regarding the attached motion.

The United States of America,
United States Attorney's Office
Attn: Benjamin Tolkoff, Esq.
Assistant U.S. Attorney District of Mass.
1 Courthouse Way, Suite 9200
Boston, MA 02210
Phone: 617-748-3183
Bemjamin.tolkoff@usdoj.gov

/s/ Danilo Avalon
Danilo Avalon, BBO # 632152