UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CARLOS MIGUEL CONCEPCION-GUILAM,<br><br>Defendant | Case No. 19-cr-10255-WGY |

**GOVERNMENT'S COMBINED MOTIONS *IN LIMINE***

The United States of America, by and through undersigned counsel, respectfully moves this Court (1) to preclude any reference in the presence of the jury to potential punishment, and (2) to allow government law enforcement witnesses to offer lay opinion testimony based on their experience and training.

**I.      Motion to Preclude Reference to Punishment:**

The government moves to preclude, as irrelevant and prejudicial, any reference by the defendant to his potential sentence during all phases of the trial (including jury selection, opening statements, examination of witnesses, including the defendant if he elects to testify, and summation). That reference could be as overt as, "You understand I am facing a mandatory minimum of ten years if convicted," or more subtle such as, "I am facing a lot of time," "this case has serious consequences for me," "my liberty is at stake in this trial," or "your decision will have consequences for a long time to come."   Once the jury hears anything about punishment, the bell simply cannot be un-rung or the damage neutralized by a curative instruction.

"It has long been the law that it is inappropriate for a jury to consider or be informed of the

1

consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992); *see also Shannon v. United States*, 512 U.S. 573, 579 (1994) ("[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion"); *Rogers v. United States*, 422 U.S. 35, 40 (1975) (explaining that jury should have been admonished that it "had no sentencing function and should reach its verdict without regard to what sentence might be imposed"). Therefore, the defendant should be precluded from making any reference in the presence of the jury to punishment in statements, questions, or argument.

## II.     Motion to Allow Lay Opinion Testimony from Law Enforcement Witnesses

The government will seek to introduce lay opinion testimony from Detective Matthew Farwell and Task Force Officer Kevin Lima regarding the tools used in drug packaging and distribution, drug quantities and packaging indicative of distribution, and drug traffickers' use of fake identification and rental vehicles to avoid law enforcement detection.

The government intends to introduce the testimony as lay opinion testimony under Federal Rule of Evidence 701. Under the rule, a non-expert witness may testify in the form of opinion if the testimony is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701; *see also United States v. Albertelli*, 687 F.3d 439, 446-47 (1st Cir. 2012) (lay opinion must be based on the witness's perception, potentially helpful to the jury, and not based on expert knowledge). "[T]he touchstone for the admissibility under Rule 701 of such lay-opinion

testimony is whether the testimony has the 'potential to help the jury.'" *United States v. Spencer*, 873 F.3d 1, 14 (1st Cir. 2017) (quoting *Albertelli*, 687 F.3d at 447). "Helpful testimony is typically based on the lay expertise a witness personally acquires through experience, often on the job." *Spencer*, 873 F3.d at 14 (internal quotation marks and citations omitted).

Courts regularly permit law enforcement testimony about various matters within their extensive experience as lay witness opinion testimony under Rule 701. Such testimony often concerns the modus operandi of drug traffickers. *United States v. Moon*, 802 F.3d 135, 147–48 (1st Cir. 2015) (permitting officer's testimony that drugs appeared to be heroin and crack cocaine and that drug dealers often possess firearms was properly admitted under Rule 701); *Spencer*, 873 F.3d at 13–14 (permitting officers' testimony that defendants' patterns of conduct and speech were, on the basis of their experience, believed to be typical of those working together as a team in selling drugs); *United States v. Valdivia*, 680 F.3d 33, 50–51 (1st Cir. 2012) (permitting officer's testimony that drug traffickers frequently put their phones in fictitious names).

"A police officer noticing patterns of behavior across criminal operations uses straightforward logic to conclude a defendant's behavior fits within that pattern and thus, does not need to be qualified as an expert." *United States v. Vega*, 813 F.3d 386, 394 (1st Cir. 2016). Testimony by a law enforcement agent about the drug quantity signifying distribution as opposed to personal use, the tools of the drug trade, and transportation of drugs are all admissible as lay testimony. *See United States v. Maher*, 454 F.3d 13, 24 (1st Cir. 2006) (holding that an officer's testimony that, based on his experience, certain post-it notes were likely drug orders and the number "4" likely referred to a quantity of drug found by law enforcement "did not cross the line

to become expert testimony"); *United States v. Ayala–Pizarro*, 407 F.3d 25, 29 (1st Cir. 2005) (holding that an officer's testimony that heroin seized at drug points was typically packed in aluminum decks and that the heroin seized in the case was packaged in such decks was Rule 701 testimony).

 Here, the anticipated law enforcement testimony regarding the tools used in drug packaging, quantities and packaging of drugs indicative of distribution, and drug traffickers' use of fake identification and rental vehicles to avoid law enforcement detection will certainly assist the trier of fact to determine facts at issue in the case.  A typical juror is unlikely to be familiar with these topics and practices.   The proposed law enforcement testimony is necessary to provide the jury with a thorough understanding of the significance of the items seized from Units 171 and 1435 of the Extra Space Storage facility, and how they relate to the distribution of drugs.

 Detective Farwell and Task Force Officer Lima are both experienced law enforcement officers with many years' experience investigating narcotics offenses.   They are, therefore, qualified to offer their lay opinions based on their experience and training.  *See United States v. Garcia-Morales*, 382 F.3d 12, 19 (1st Cir. 2004) (finding an officer who had served a total of four years as a law enforcement agent and who had participated in between 20 to 40 narcotic investigations and 40 to 60 drug seizures to be qualified to offer an opinion on the structure and operation of a typical drug conspiracy); *see also United States v. Reynoso*, 336 F.3d 46, 49 (1st Cir. 2003) ("Due to her DEA experience, Agent Kelleher was competent to testify to the relative raw-weight distinctions in the drug quantities typically possessed by users as distinguished from dealers.").  Because this testimony meets the criteria of Rule 701 and these witnesses are

competent to offer their lay opinions as experienced law enforcement officers, this Court should allow this testimony.

Dated: November 13, 2020

                                         Respectfully submitted,

                                         ANDREW E. LELLING
                                         United States Attorney

By:   */s/ Stephen W. Hassink*
        LAUREN A. GRABER
        STEPHEN W. HASSINK
        Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I, Stephen W. Hassink, Assistant U.S. Attorney, hereby certify that the foregoing was sent to all registered counsel via ECF filing on November 13, 2020.

                                         */s/ Stephen W. Hassink*
                                         Stephen W. Hassink
                                         Assistant United States Attorney